UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| TAFARI BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-12546-LTS |
| | ) | |
| OFFICER LEAHY BADGE #3188, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

March 12, 2020

SOROKIN, D.J.

    For the reasons set forth below, the Court denies the plaintiff's offer to pay the filing fee with a silver coin and orders him to pay the filing fee in United States dollars or file a motion for leave to proceed without prepayment of the filing fee.

    On December 18, 2019, *pro se* litigant Tafari Bey filed a civil complaint and an Application to Proceed in District court without Prepaying Fees or Costs ("Application"), which is often referred to as a motion for leave to proceed *in forma pauperis*. In an order (#4) dated December 27, 2019, the Court denied the Application without prejudice on the ground that Bey had not submitted an adequate financial affidavit. The Court directed Bey to (1) pay the $400 filing fee; or (2) submit a completed Application supplemented with additional information regarding his ability to access the necessities of life.

    On March 4, 2020, Bey filed a "Curative Affidavit for the Filing 'Fee'" (#11) ("Curative Affidavit") in response to the Court's order. In the Curative Affidavit, Bey does not provide any information about his financial circumstances. Instead, he asserts that he cannot be required to

pay a fee in United States dollars. In support of this claim, he quotes from Article I, Section 10 of the United States Constitution, which prohibits a state from "mak[ing] any Thing but gold and silver Coin a Tender in Payment of Debts." U.S. Const. art 1, § 10, cl.

The provision of the Constitution, however, merely restrains the powers of a state. It does not preclude the federal government from producing and using federal reserve notes as legal tender:

> By the constitution of the United States, the several states are prohibited from coining money, emitting bills of credit, or making anything but gold and silver coin a tender in payment of debts. But no intention can be inferred from this to deny to congress either of these powers. . . . The states are prohibited from emitting bills of credit; but congress, which is neither expressly authorized nor expressly forbidden to do so, has . . . been held to have the power of emitting bills of credit, and of making every provision for their circulation as currency . . . . It appears to us to follow, as a logical and necessary consequence, that congress has the power to issue the obligations of the United States in such form, and to impress upon them such qualities as currency for the purchase of merchandise and the payment of debts, as accord with the usage of sovereign governments. . . . The exercise of this power not being prohibited to congress by the constitution, it is included in the power expressly granted to borrow money on the credit of the United States.

*The Legal Tender Cases*, 110 U.S. 421, 447-48 (1884). Parties who argue that federal reserve notes are not legal tender risk being sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure:

> [Plaintiff] has argued the article 1, § 10 issue about the illegality of federal reserve notes quite strenuously. He did so despite a nearly one hundred year old unbroken lines of cases which indicate that federal reserve notes (or paper money in general) can be declared legal tender. This is the kind of insistence on litigating a question in the face of controlling precedent which amounts to bad faith. In addition, this failure to discover such overwhelming precedent suggests a lack of reasonable inquiry into the law as required by Rule 11.

*Nixon v. Phillipoff*, 615 F. Supp. 890, 896 (N.D. Ind. 1985), *aff'd*, 787 F.2d 596 (7th Cir. 1986). As a sanction for filing the lawsuit, the court ordered the plaintiff to pay each defendant $750 in attorney's fees and to pay a $500 fine to the court. *See id.* at 898.

Bey insists that, in submitting his original Application, he was not seeking *in forma pauperis* status. Rather, he was objecting to the requirement that the fee be paid in United States dollars and that the instructions in the Application required him to disclose his personal finances. In his Curative Affidavit, Bey offers to satisfy the filing fee by giving the Court a "One-(1)-Troy Oz. .999-Fine silver coin valued at $913." Curative Aff. at 4. The Court rejects this offer because the filing fee may only be paid in United States dollars.

If Bey wishes to proceed with this action, he must, within twenty-one (21) days, pay the $400 filing fee. If he cannot afford to pay the filing fee, he may apply to proceed without prepayment of the filing fee by submitting a completed Application to Proceed in District Court Without Prepaying Fees or Costs. He must supplement the form with additional information demonstrating how he is provided the basic necessities of life. Bey must report any support—monetary or in kind—he has received in the past year or will receive in the coming year from other individuals or any organization. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or "can get" from those who ordinarily provide the applicant with the "necessities of life," such as "from a spouse, parent, adult sibling or other next friend." (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978))).

Failure to comply with this order will result in dismissal of this action. The Clerk shall send Bey another Application to Proceed in District Court Without Prepaying Fees or Costs.

SO ORDERED.

                                              /s/ Leo T. Sorokin  
                                              UNITED STATES DISTRICT JUDGE